UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA DETWILER, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC., a Delaware corporation,<br><br>    Defendant. | NO. _____<br><br>CLASS ACTION COMPLAINT FOR: (1) VIOLATION OF THE FEDERAL COMMUNICATIONS ACT; (2) VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT; (3) DECLARATORY RELIEF UNDER THE DECLARATORY JUDGMENT ACT<br><br>DEMAND FOR JURY TRIAL |

All allegations made in this Complaint are based upon information and belief, except those allegations which pertain to plaintiff Maria Detwiler ("Plaintiff" or "Detwiler"), which are based on personal knowledge. Plaintiff's information and belief are based upon, *inter alia*, Plaintiff's own investigation and the investigation conducted by Plaintiff's attorneys. Each allegation in this Complaint either has evidentiary support or, alternatively, pursuant to Rules 8(e)(2) and 11(b)(3) of the Federal Rules of Civil Procedure, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## I. NATURE OF THE ACTION

1.1. Defendant T-MOBILE USA, INC., a Delaware corporation ("T-MOBILE" or "Defendant") provides cellular telephone, messaging, and data services. Every customer who contracts for a T-MOBILE cellular calling plan is also provided with the ability to send and/or

CLASS ACTION COMPLAINT- 1
(No. _____)

receive text messages and is, therefore, "text message enabled". Customers of T-MOBILE who would prefer not to be text message enabled nonetheless are required by T-MOBILE to be text message enabled.

1.2. T-MOBILE does not allow its customers to avoid charges for unsolicited text messages by offering them the opportunity to decline text message service. Instead, T-MOBILE requires its customers to pay for each unsolicited text message received -- including the unsolicited "Info Alerts" that T-MOBILE sends to its customers via text message. (*See*, T-Mobile, Support, *Do T-Mobile Info Alerts Count Against My Monthly Message Limit*, available at: http://support.t-mobile.com/knowbase/root/public/tm20034.htm?A2L.SERVICE= (accessed July 26, 2007)).

1.3. Customers who subscribe to one or more of T-MOBILE's Messaging Value Bundles are charged according to their text message plan for each unsolicited text message received in the United States. Customers who do not subscribe to one of T-MOBILE's Messaging Value Bundles are charged $0.15 for each unsolicited text message received in the United States. (*See*, T-Mobile, Services, *Important Information About New Messaging Rates*, available at: http://www.t-mobile.com/shop/addons/services/MessagingDisclaimer.aspx (accessed Aug. 6, 2007)).

1.4. T-MOBILE offers its Messaging Value Bundles to customers who sign up for one of T-MOBILE's "FamilyTime" plans. However, while T-MOBILE FamilyTime customers share a "pool" of monthly minutes among two or more phones, "Messaging Value Bundles are offered per line of service and [are] not shared among FamilyTime (or other pooled) customers." (*See*, T-Mobile, Packages, *FamilyTime Package*, available at: http://www.t-mobile.com/Shop/Packages/detail.aspx?PAsset=Pac_Pac_FamilyTime (accessed Aug. 2, 2007)).

1.5. T-MOBILE has concealed, failed to disclose, or failed to adequately disclose to Plaintiff and other T-MOBILE customers its practices of: (a) requiring every one of its customers to be text message enabled; (b) charging its customers for all unsolicited text

CLASS ACTION COMPLAINT- 2
(No. _____)

messages; and (c) refusing to permit its customers to avoid charges for unsolicited text messages by disabling their text message service -- despite the fact that T-MOBILE has the ability to do so. Plaintiff brings this action on her own behalf and on behalf of a class of all other similarly situated consumers (the "Class").

## II. JURISDICTION AND VENUE

2.1.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because this matter involves a federal question—namely, a violation of 47 U.S.C. § 201. In addition, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over the state law claims because all of the claims are derived from a common nucleus of operative facts and are such that Plaintiff would ordinarily expect to try them in one judicial proceeding.

2.2.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and 1446(a) because Defendant transacts substantial business within, and is subject to personal jurisdiction in, this judicial district, and because a substantial part of the events giving rise to the claims asserted herein took place in this judicial district.

## III. PARTIES

3.1.    T-MOBILE is, and at all times relevant hereto was, a Delaware corporation with its principal place of business in Bellevue, Washington.

3.2.    Detwiler is a resident of Kissimmee, Florida, and entered into a contract for services with and receives cellular service from T-MOBILE.

## IV. FACTUAL BACKGROUND

4.1.    Every T-MOBILE cellular telephone customer has the ability to send and receive text messages, regardless of whether the customer desires to have access to T-MOBILE's text messaging services.

4.2.    T-MOBILE offers its cellular telephone customers several "Messaging Value Bundles." T-MOBILE customers who subscribe to one or more of T-MOBILE's Messaging Value Bundles can send and receive a limited number of text messages per month for an

CLASS ACTION COMPLAINT- 3
(No. _____)

additional, pre-determined monthly fee. The monthly text messaging limit and associated monthly fee vary according to the Messaging Value Bundle selected.

4.3. T-MOBILE FamilyTime customers may choose to subscribe to one of T-MOBILE's Messaging Value Bundles. However, T-MOBILE's Messaging Value Bundles are offered per line of service covered under the T-MOBILE FamilyTime plan. In other words, a separate Messaging Value Bundle must be purchased for each separate telephone line included in the FamilyTime plan, because T-MOBILE FamilyTime customers cannot share the "pool" of allotted text messages available under Messaging Value Bundles.

4.4. T-MOBILE customers who do not subscribe to one of T-MOBILE's Messaging Value Bundles are charged $0.15 for each text message sent or received in the United States. (See, T-Mobile, Services, *T-Zones: Text Messaging*, available at: http://www.tmobile.com/shop/addons/services/TzonesDetail.aspx?tp=Svc_Tab_TZones&tsp= Svc_Sub_Messaging&tssp=Svc_Sub_TextMessaging&oscid=4CD51BA7-B5AF-4AB2-85E0-50EC0AF141F9 (accessed July 26, 2007)).

4.5. T-MOBILE refuses to disable the text messaging feature on its customers' accounts, even when the customer has no interest in sending or, more importantly, receiving text messages. Moreover, T-MOBILE requires each of its customers who have not subscribed to one of T-MOBILE's Messaging Value Bundles to pay for each and every unsolicited text message they receive. In sum, T-MOBILE, the party with superior bargaining power, has carried out a wrongful business scheme regarding text messaging to deliberately cheat a large number of consumers out of individually small sums of money.

## V. ALLEGATIONS PERTAINING TO THE NAMED PLAINTIFF

5.1. Detwiler contracted with T-MOBILE for the provision of cellular telephone service. During most or all of the relevant time period, Detwiler has contracted with T-MOBILE for one of T-MOBILE's "FamilyTime" plans ("Detwiler's Plan"), which includes calling services for three cellular telephones—one of which is used by Detwiler, one of which is used by Detwiler's daughter, and one of which is used by Detwiler's son. At certain times

during the relevant time period, the phone line utilized by Detwiler's son has been signed up for one of T-MOBILE's Messaging Value Bundles. However, at no time during the relevant time period have the phone lines utilized by Detwiler or her daughter been signed up for one of T-MOBILE's Messaging Value Bundles.

5.2. As a T-MOBILE customer, Detwiler has received and continues to receive unsolicited text messages on her cellular telephone—including text messaging spam. Detwiler has consistently been charged, and T-MOBILE has consistently collected from Detwiler, a fee for each unsolicited text message received—both on Detwiler's cellular telephone and on the other line(s) on Detwiler's Plan which are not subscribed to a Messaging Value Bundle. (*See* Billing Statements attached hereto as Exhibits "A," "B," and "C.")

5.3. Detwiler contacted T-MOBILE regarding these text messaging fees. On behalf of T-MOBILE, a Customer Care representative confirmed that Detwiler must pay for all text messages received on each of her phone lines.

5.4. Detwiler has requested that T-MOBILE disable the text messaging feature on her line of service and her daughter's line of service, because she does not want to send or receive text messages, particularly unsolicited text messages. T-MOBILE refused Detwiler's request. Specifically, on behalf of T-MOBILE, a Customer Care representative informed Detwiler that T-MOBILE does not disable or "turn off" the text messaging feature on its customers' accounts. As a result, Detwiler seeks relief from this Court, as discussed more fully below.

## VI. CLASS ACTION ALLEGATIONS

6.1. Plaintiff brings this action, on behalf herself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The "Class" which Plaintiff seeks to represent is defined as follows: "all residents of the United States of America who are or were customers of T-MOBILE, who were not offered the opportunity to disable text messaging on their cellular telephone, who received an unsolicited text message on

their cellular telephone, who were charged and who paid T-MOBILE's text messaging fee for the unsolicited text message."

6.2. This action is brought and properly may be certified as a class action pursuant to Rule 23(a)(1)–(4), and Rule 23(b)(1), (b)(2) or (b)(3).

6.3. While the exact number of class members is unknown at this time and can only be determined through appropriate discovery, membership in the Class is ascertainable based upon the billing records maintained by T-MOBILE. At this time, Plaintiff is informed and believes that the Class likely includes hundreds of thousands of members. Therefore, the Class is sufficiently numerous that joinder of all members of the Class in a single action is impracticable under Rule 23(a)(1), and the resolution of their claims through a class action proceeding will benefit the parties and the Court.

6.4. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class ("Class member(s)"), as required by Rule 23(a)(4). Plaintiff is an adequate representative of the Class, as she has no interests which are adverse to other Class members' interests. Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained counsels who are competent and experienced in handling class action litigation on behalf of consumers.

6.5. Plaintiff's claims are typical of the claims of the other Class members, as required by Rule 23(a)(3), because Plaintiff and each Class member were charged for the receipt of one or more unsolicited text messages.

6.6. Common questions of law and fact exist as to all Class members, as required by Rule 23(a)(2), and predominate over any individual questions.

6.7. The common questions of fact include, but are not limited to, the following:

6.7.1. Whether T-MOBILE requires all of its customers to be text message enabled;

CLASS ACTION COMPLAINT- 6
(No. _____)

6.7.2. Whether T-MOBILE assesses and collects fees for unsolicited text messages received by T-MOBILE customers without offering its customers the opportunity to avoid such charges by opting out of text messaging; and

6.7.3. Whether T-MOBILE refuses to disable the text messaging feature on its customers' accounts.

6.8. The common questions of law include, but are not limited to, the following:

6.8.1. Whether T-MOBILE's practice of assessing and collecting fees for unsolicited text messages received by its customers without offering its customers the opportunity to avoid such charges by opting out of text messaging, constitutes an unjust and unreasonable charge in violation of the Federal Communications Act ("FCA");

6.8.2. Whether T-MOBILE's practice of assessing and collecting fees for unsolicited text messages received by its customers without offering its customers the opportunity to avoid such charges by opting out of text messaging, constitutes an unfair or deceptive act or practice in violation of the Washington Consumer Protection—Unfair Business Practices Act ("WCPA"), RCW 19.86.020;

6.8.3. Whether T-MOBILE's practice of refusing to allow its customers to disable the text messaging service, constitutes an unfair or deceptive act or practice in violation of the WCPA;

6.8.4. Whether mandatory injunctive and/or declaratory relief is necessary and appropriate in order to correct T-MOBILE's practice of assessing and collecting fees for unsolicited text messages received by its customers without offering its customers the opportunity to avoid such charges by opting out of text messaging; and

6.8.5. Whether mandatory injunctive and/or declaratory relief is necessary and appropriate in order to correct T-MOBILE's practice of refusing to allow its customers to disable the text messaging service.

6.9. A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted in this action under Rule 23(b)(3) because:

      6.9.1.    The expense and burden of individual litigation make it economically unfeasible for Class members to seek redress for their "negative value" claims other than through the procedure of a class action;

      6.9.2.    If separate actions were to be brought individually by each Class member, the resulting duplicity of lawsuits would cause undue hardship and expense to the Court and the litigants by necessitating multiple trials of similar factual issues;

      6.9.3.    The prosecution of separate individual actions would create a risk of inconsistent adjudications of similar factual issues; and

      6.9.4.    Absent a class action, T-MOBILE likely would retain the benefits of its wrongdoing, and there would be a failure of justice.

    6.10.    In the alternative, this action is certifiable under the provisions of Rules 23(b)(1) and/or 23(b)(2) because:

      6.10.1.    The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant;

      6.10.2.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

      6.10.3.    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class, and necessitating that any such relief be extended to Class members on a mandatory, class-wide basis.

    6.11.    Plaintiff is aware of no difficulty which will be encountered in the management of this litigation which should preclude its certification as a class action.

    6.12.    Class members' names and addresses are available from Defendant's records. Notice can be provided to Class members via first class mail or otherwise, using techniques

and a form of notice similar to those customarily used in class actions arising under federal law.

## VII. FIRST CLAIM FOR RELIEF
### (Violation of the Federal Communications Act, 47 U.S.C. § 201)

7.1. Plaintiff repeats and incorporates herein by reference each and every previous allegation in this Complaint as though fully set forth herein.

7.2. Defendant is a common carrier engaged in interstate communication by wire for the purpose of furnishing communication services within the meaning of § 201(a) of the FCA.

7.3. Defendant's actions and conduct, as alleged herein, constitute an unjust and unreasonable charge and practice in connection with communication services and, therefore, violate § 201(b) of the FCA.

7.4. As a direct and proximate result of Defendant's violation of § 201(b) of the FCA, Plaintiff and each Class member have been damaged in an amount according to proof at trial.

7.5. Pursuant to 47 U.S.C. § 206, Plaintiff and the Class are entitled to recover their reasonable attorneys' fees.

## VIII. SECOND CLAIM FOR RELIEF
### (Violation of Washington Consumer Protection—Unfair Business Practices Act)

8.1. Plaintiff repeats and incorporates herein by reference each and every previous allegation in this Complaint as though fully set forth herein.

8.2. Defendant has engaged in unfair or deceptive acts or practices in violation of the WCPA by: (a) assessing and collecting fees for unsolicited text messages received by its customers without offering its customers the opportunity to avoid such charges by opting out of text messaging; and/or (b) refusing to allow its customers to disable the text messaging service.

8.3. Defendant's unfair or deceptive acts or practices repeatedly occurred in the conduct of Defendant's trade or business as part of a pattern or generalized course of conduct, and were capable of deceiving a substantial portion of the public.

8.4. As a direct and proximate result of Defendant's unfair or deceptive acts or practices, Plaintiff and the Class have suffered actual damages in that Plaintiff and Class members have been required to pay for each and every unsolicited text message received and have been unable to prevent the receipt of additional unsolicited text messages by disabling the text messaging feature on their respective lines of service.

8.5. Defendant's repeated unfair or deceptive acts or practices have affected numerous consumers both prior to and arising out of the transactions involving Plaintiff. Further, such unfair or deceptive acts or practices continue to pose a real and substantial potential for repetition causing additional injury likely to affect a substantial number of consumers.

8.6. As a result of Defendant's unfair and deceptive practices, pursuant to RCW 19.86.090, Plaintiff and the Class are entitled, to recover treble damages, reasonable attorneys' fees, and costs.

### IX. THIRD CLAIM FOR RELIEF
(Declaratory Relief Under the Declaratory Judgment Act,
28 U.S.C. § 2201 *et seq.*)

9.1. Plaintiff repeats and incorporates herein by reference each and every previous allegation in this Complaint as though fully set forth herein.

9.2. An actual controversy has arisen and now exists between Plaintiff and the Class, on one hand, and Defendant, on the other hand, concerning their respective rights and duties.

9.3. Plaintiff and other Class members contend that Defendant has engaged in, and continues to engage in, the improper practices of: (a) assessing and collecting fees for unsolicited text messages received by its customers without offering its customers the

opportunity to avoid such charges by opting out of text messaging; and (b) refusing to allow its customers to disable the text messaging service.

9.4. Defendant contends that its actions and conduct are lawful and proper.

9.5. A judicial declaration is necessary and appropriate at this time, under the circumstances presented, in order that Plaintiff and other Class members may ascertain their rights and duties with respect to Defendant's practices as alleged herein.

## X. JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## XI. RELIEF REQUESTED

Plaintiff, on behalf of herself and all others similarly situated, prays for relief against Defendant as follows:

11.1. <u>Class Action Certification</u>. For certification of the proposed Class pursuant to Fed. R. Civ. P. 23;

11.2. <u>Damages Under the FCA, 47 U.S.C. § 206</u>. For an award of compensatory damages, restitution, attorneys' fees and other costs as allowed under the FCA, in an amount to be proven at trial;

11.3. <u>Damages Under the WCPA, RCW 19.86.090</u>. For an award of compensatory damages, trebled, attorneys' fees and other costs as allowed under the WCPA, in an amount to be proven at trial;

11.4. <u>Declaratory Relief</u>. For a declaration of the respective rights of Plaintiff and the other Class members, and the duties of Defendant regarding Defendant's practices of: (a) assessing and collecting fees for unsolicited text messages received by its customers without offering its customers the opportunity to avoid such charges by opting out of text messaging; and (b) refusing to disable its customers' text messaging service.

11.5. <u>Constructive Trust</u>. For the establishment of a constructive trust against Defendant to allow full restitution to Plaintiff and the Class for all text message fees

1 | wrongfully collected by Defendant for unsolicited text messages received by Plaintiff and the
2 | Class;

3 |     11.6.   <u>Attorneys' Fees and Other Costs</u>. For an award of reasonable attorneys' fees
4 | and other costs, as provided by law;

5 |     11.7.   <u>Interest</u>. For an award of pre-judgment and post-judgment interest, as
6 | provided by law;

7 |     11.8.   <u>Leave to Amend</u>. For leave to amend these pleadings, as may be necessary,
8 | to conform to the evidence presented at trial; and

9 |     11.9.   <u>Other Relief</u>. For such other relief as this Court deems just and equitable.

Dated this 28th day of December, 2007.

                             LEWIS LAW FIRM

                             By: _____
                             Murray T.S. Lewis, WSBA #13307
                             lewislawseattle@yahoo.com
                             3412 South Jackson Street
                             Seattle, Washington 98114
                             Telephone: (206) 714-2113
                             Facsimile: (206) 223-7009

                             ARIAS OZZELLO & GIGNAC LLP
                                J. Paul Gignac *(to apply Pro Hac Vice)*
                                j.paul@aogllp.com
                                Kiley L. Grombacher *(to apply Pro Hac Vice)*
                                kgrombacher@aogllp.com
                                4050 Calle Real, Suite 130
                                Santa Barbara, California 93110
                                Telephone: (805) 683-7400
                                Facsimile: (805) 683-7401

                             FOLEY BEZEK BEHLE & CURTIS LLP
                                Peter J. Bezek, WSBA #7900
                                pbezek@foleybezek.com
                                Robert A. Curtis *(to apply Pro Hac Vice)*
                                rcurtis@foleybezek.com
                                15 West Carillo Street
                                Santa Barbara, California 93101-8217
                                Telephone: (805) 962-9495
                                Facsimile: (805) 962-0722

CLASS ACTION COMPLAINT- 12
(No. _____)

1
2
3
4
5
              LIEFF, CABRASER, HEIMANN &
              BERNSTEIN, LLP
                 Michael W. Sobol *(to apply Pro Hac Vice)*
                 msobol@lchb.com
                 Embarcadero Center West
                 275 Battery Street, 30th Floor
                 San Francisco, CA  94111-3339
                 Telephone:  (415) 956-1000
                 Facsimile:  (415) 956-1008

6
7                Attorneys for Plaintiff
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

CLASS ACTION COMPLAINT- 13
(No. _____)